[746 NYS2d 5]

In the Matter of LEWIS H. ESLINGER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 18, 2002

**APPEARANCES OF COUNSEL**

*Raymond Vallejo* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Howard Benjamin* of counsel (*Benjamin Brotman & Maltz, LLP*), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Lewis H. Eslinger was admitted to the practice of law in the State of New York by the Second Judicial Department on April 4, 1956. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By an unpublished order dated February 21, 2001 (M-4308), this Court granted the Departmental Disciplinary Committee's petition, pursuant to 22 NYCRR 603.4 (d), Judiciary Law § 90 (2) and the doctrine of collateral estoppel, finding respondent guilty of professional misconduct in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (7), DR 2-106 (a) and DR 9-102 (d) (22 NYCRR 1200.3, 1200.11, 1200.46), and referred the matter to a referee for a hearing solely to consider evidence in mitigation or aggravation, if any, and to recommend an appropriate sanction to be imposed upon respondent. Collateral estoppel was applied to findings rendered by the United States District Court for the Central District of California dated July 10, 1995 in *Laser-Pacific Media Corp. v Cooper & Dunham*.

A sanction hearing was subsequently held before the Referee who recommended that, in light of the totality of circumstances, including the respondent's age and unsullied 46 years of practice, respondent be suspended for a period of three years. In its report, the Hearing Panel recommended disaffirming the Referee's recommendation and recommended respondent's disbarment, finding that respondent's acts in submitting false billings constituted "venal conduct."

The Disciplinary Committee now seeks an order confirming the findings of fact, conclusions of law and recommendation as to sanction set forth by the Hearing Panel. Respondent cross-moves to deny the Committee's motion, to disaffirm the Hearing Panel's report and to suggest a one-year suspension as an appropriate sanction.

In light of the serious nature of respondent's actions, on the one hand, and his age and his lengthy and unblemished legal career on the other, we conclude that the Committee's motion, pursuant to 22 NYCRR 603.4 (d), should be granted to the extent that respondent should be suspended from the practice of law, effective immediately, for a period of five years. The cross motion should be denied in all respects.

MAZZARELLI, J.P., ANDRIAS, BUCKLEY, LERNER and FRIEDMAN, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of five years, effective immediately.